UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERNESTINE LIMAR, individually and on behalf of others similarly situated | * * * * | CIVIL ACTION NO: _____ MAGISTRATE: |
| VERSUS | * * * | JUDGE: |
| HORIZON MANAGEMENT, L.L.C. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT – COLLECTIVE ACTION

Plaintiff Ernestine Limar, individually and on behalf of all other similarly situated current and former employees of Defendant, Horizon Management, L.L.C., brings this Collective Action and alleges as follows:

### I.     OVERVIEW

1.     Plaintiff bring this claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation under §16(b) of the FLSA as a collective action individually and on behalf of all current or former home healthcare workers employed by Defendant during the last three (3) years who were not paid overtime for all hours worked in excess of forty (40) hours a week as required by § 207(a) of the FLSA (hereinafter referred to as "Collective Members").

### II.     PARTIES

2.     Plaintiff Ernestine Limar is a major, individual, domiciled in Port Allen, Louisiana, who has been employed by Defendant as a home healthcare worker from approximately September 1, 2019 to the present. Plaintiff has consented to filing this action. (Plaintiff's Consent form is attached as Exhibit "A".)

3. Defendant Horizon Management, L.L.C. is a Louisiana limited liability company with its principal place of business located 5246 Evangeline St., Baton Rouge, Louisiana, 70805 and may be served through its registered agent, Taylour Shepherd, at the same address.

### III. JURISDICTION AND VENUE

4. This case raises a federal question under 29 U.S.C. §216(b) giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. §1331.

5. Venue is proper in this District as Defendant is domiciled and conducts business in the Middle District of Louisiana and a substantial part of the events giving rise to the claims asserted herein occurred within this District.

### IV. COVERAGE UNDER THE FLSA

6. At all relevant times, Defendant is and has been an employer within the meaning of 29 U.S.C. §203(d).

7. At all relevant times, Defendant is and has been an enterprise within the meaning of 29 U.S.C. §203(r).

8. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

9. Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all relevant times, Plaintiff and the Collective Members, as defined below, are and were employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

11. Defendant, Plaintiff and the Collective Members used cell phones, computers, materials, supplies and medical equipment that were manufactured in or purchased and shipped

from states other than Louisiana, accepted checks, credit cards, electronic payments and processed other transactions through interstate banks and financial institutions and Defendant provided its employees with paychecks by electronic deposit, all of which constitutes interstate commerce.

12. Further, 29 U.S.C. §207(l) enumerates domestic service workers which, pursuant to 29 C.F.R. §552.3, includes home health workers like Plaintiff and the Collective Members, as entitled to individual FLSA coverage, as such employment affects interstate commerce. 29 U.S.C. §202(a).

### V. FACTS

13. Plaintiff and the Collective Members were employed by Defendant as health care workers who provided companionship services for Defendant's elderly, ill or disabled clients at various locations, including the patients' homes.

14. Plaintiff and the Collective Members were paid on an hourly basis and were not exempt from the overtime requirements of the FLSA.

15. Plaintiff and the Collective Members did not perform any job duties or functions that qualified for an exemption from the overtime requirements of the FLSA.

16. Plaintiff's hours varied from week to week during her employment by Defendant, but she and the Collective Members regularly worked more than forty (40) hours in a workweek.

17. For example, for the two-week pay period of July 17, 2022 through July 30, 2022, Plaintiff worked one hundred twenty-one (121) hours and was paid straight time only for all hours worked at her regular hourly rate of $8.25 per hour. Plaintiff was not paid an overtime premium for any hours over forty (40) in either week.

18. For further example, for the two-week pay period of September 18, 2022 to October 1, 2022, Plaintiff worked one hundred nineteen (119) hours and was paid straight time only for all

hours worked at her regular hourly rate of $9.25 per hour. Plaintiff was not paid an overtime premium for any hours over forty (40) in either week.

19. The Collective Members were also regularly scheduled to and did work more than forty (40) hours in a workweek.

20. Plaintiff and the Collective Members were not compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked in excess of forty (40) hours in a workweek for all weeks worked.

21. Plaintiff believes that other current and former employees of Defendant who are and were subject to the same payroll practice would join this collective action if they received notice advising them of the existence of this lawsuit and their right to join.

22. Defendant has violated, and is violating the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying its home healthcare workers like Plaintiff and the Collective Members overtime.

23. Defendant knowingly, willfully, or in reckless disregard of the law maintained an illegal practice of failing to pay Plaintiff and the Collective Members overtime compensation for all hours worked over forty (40) over in a workweek for the past three (3) years.

**VI. FLSA VIOLATIONS AND COLLECTIVE ACTION ALLEGATIONS**

24. The Collective for which judicial notice is sought pursuant to 29 U.S.C. §216(b) is defined as:

> All home healthcare workers employed by Horizon Management, L.L.C. who were not paid overtime wages for all hours worked over forty (40) in a workweek within the last three (3) years.

25. Defendant's practice and policy of not paying overtime affects Plaintiff and the Collective Members similarly and is a willful violation of the FLSA.

26. The Collective Members are all victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

27. Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the Collective Members are similarly situated.

28. Plaintiff and the Collective Members all have the same basic job duties and descriptions and perform the same general duties that are relevant for determining their eligibility for overtime under the FLSA.

29. The specific job titles or precise job requirements of the Collective Members does not prevent proceeding collectively. All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at their overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

30. Whether Defendant violated the FLSA by failing to pay Plaintiff and the Collective Members all wages due and overtime is a threshold legal issue which can be determined using representative testimony in a collective action.

31. Plaintiff and the Collective Members are entitled to recover their unpaid wages, overtime compensation, liquidated damages, attorneys' fees, costs and interest.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated Collective Members, prays for judgment in her favor and against Defendant as follows:

1. For an Order authorizing preliminary discovery on the issue of whether Plaintiff and the Collective Members are similarly situated under the FLSA;

2. For an Order recognizing this proceeding as a collective action under §216(b) of the FLSA and ordering notice to the Collective Members at the earliest opportunity to ensure Collective Members' claims are not lost to the FLSA statute of limitations;

3. For Judgment in favor of Plaintiff and the Collective Members and against Defendant for unpaid back wages and overtime due to Plaintiff and the Collective Members and for liquidated damages equal in amount to the unpaid compensation;

4. For an award of costs of this action as provided under the FLSA;

5. For an award of attorneys' fees as provided under the FLSA;

6. For an award of pre- and post-judgment interest; and

7. For any and all other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues.

Respectfully Submitted:

By: /s/ Philip Bohrer
Philip Bohrer (LA Bar # 14089)
phil@bohrerbrady.com
Scott E. Brady (LA Bar # 24976)
scott@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000